IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED

DEC - 4 2015

CLERK, US DISTRICT COURT
NORFOLK, VA

15cv531

IN RE: Norman Kevin Wilkerson V. COUNTY OF CHESTERFIELD, et al.

## FAIR NOTICE

TO: COUNTY OF Chesterfield; Chesterfield Police Department, Chesterfield
Commonwealth Attorney's office, William Davenport, Thomas McLema,
Luis Khristita, Barbra Jooke, chris Humphries, Thomas Kline, Sharon
Taylor, Thi erd Owens, Timothy Ring, Ruben breen, Ryan Speltz,
Jone Bodie, and Steven Millar

PLEASE TAKE NOTICE that on November 21st of 2015 Norman Kevin
Wilkerson will File a Civil Complaint pursuant to 28.U.S.C. 1983, which is
attached hereto, with other related documents and made apart of this
Fair Notice.

Given under my hand this 13th day of November 2015.

Respectfully Submitted,
In Good Faith
By Norman Kevin Wilkerson

Buskerville Correctional Center
4150 Harei Mill Road
Buskerville, Virginia 23915

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

Norman Kevin Wilkerson, No. 1007354
    Plaintiff

Civil Action No. _____

COMPLAINT

V.

COUNTY OF CHESTERFIELD; CHESTERFIELD
POLICE DEPARTMENT, CHESTERFIELD COUNTY
COMMONWEALTH ATTORNEY OFFICE, CHESTER-
FIELD COUNTY ATTORNEY OFFICE, William
Davenput, Thomas McKeana, Luca Khowara,
Barbra cooke, chris Humphries, shanon Taylor,
Thierry DUANS, Timothy Ring, Ruben breen,
Ryan spedz, James Baxle, and Steven L.
Micas, individually and in their official
capacity.
    Defendants

_____/

## I. JURISDICTION & VENUE

This is a civil Action Authorized by 42 U.S.C. section 1983 to redress the deprivation, under color of State law, of rights Secured by the constitution of the united States. The court has Jurisdiction under 28 U.S.C. section 1331 and 1343. Plaintiff wilkerson seeks declaratory relief Pursuant to 28 U.S.C. section 2201 and 2202. Plaintiff wilkerson claims for injunction relief Pursuant to 28 U.S.C. section 2284 and rule 65 of the federal rules of civil procedure.

The eastern district is the appropriate Venue under 28 U.S.C. section 1391 because it is where the event given rise to this claim occurred

## II PLAINTIFF

Plaintiff, Norman Kevin Wilkerson, Proceeding by himself is and was at all times mentioned herein a Plaintiff being of the state of Virginia. Currently illegally confined in Baskerville Correctional unit, 4150 Hotel mill Road, Baskerville, Virginia 23915.

## III DEFENDANTS

who: William Davenport, Commonwealth Attorney
When: October 29, 2014
Where: Chesterfield County Virginia, P.O. Box 25, 23832
How: Failure to give Plaintiff Wilkerson a forfeiture hearing as a matter of law.
Why: Negligence

_____

who: Thomas McKenna, Asst. Commonwealth Attorney
when: October 29, 2014
Where: Chesterfield County Virginia, P.O. Box 25, 23832
How: Violated Plaintiff Wilkerson's fifth & fourteenth Amendment right to be provided a forfeiture hearing on his Property as a matter of law
Why: Negligence

_____

who: Lora Khawaja, Prosecution Attorney
when: October 13, 2015
where: Chesterfield County Virginia, P.O. Box 25, 23832
How: Violated Plaintiff Wilkerson's fifth & fourteenth Amendment right to be provided a forfeiture hearing on his Property as a matter of law

_____

Who: Barbra Cooke, Asst. Commonwealth Attorney

When: 2014

Where: Chesterfield County Virginia, P.O. Box 25, 23832

How: Violated Art    Section   of the Virginia Constitution by Violated her Oath of Office by knowingly and intentionally misrepresentation of information in her petition for appeal in opposition to Plaintiff Wilkerson's Petition for Appeal denying Plaintiff Wilkerson equal protection of law, and his right to be heard as a matter of law.

Why: Negligence

---

Who: Chris Humphries & Thomas Kline, Detectives

When: 2013

Where: Chesterfield County Virginia, P.O. Box 148, 23832

How: Committed Perjury, Fraud upon the court to obtain Plaintiff Wilkerson's erroneous conviction, and failed to afford Plaintiff Wilkerson a forfeiture hearing on his merits as a matter of law

Why: Negligence

---

Who: Shannon L. Taylor

When: March 11, 2013

Where: P.O. Box 9775, Henrico, Virginia 23273-0775

How: Given undue influence, Violating oath of office by conspiring with the above defendants to falsely accusing Plaintiff Wilkerson of crimes against the Commonwealth, and using undue influence to do it

Why: because Plaintiff Wilkerson filed a complaint against her for her failure to perfect his appeal when she was his attorney while she was employed at Boone

Could lead to prevent Plaintiff from messing up her chance to burn the
High office of commonwealth Attorney of Henrico county

---

Who: Thierry Dupuis & Timothy King, the Chief & Custain of the
Chesterfield county Police department

When:        2013

Where: Chesterfield county Virginia P.O.Box 48, 23832

How:  because they are responsible for the training and additional monitoring
Defendants Kline and humphries to deductive and are liable for
the actions of Defendants Kline & Humphries.

Why: Negligence

---

Who: Ruben breen

When:        2013

Where: chesterfield county Virginia P.O. Box 25

How: Violated Plaintiff wilkerson's Sixth Amendment right under the United, Cilanolument,
States constitution, by Knowingly and Intentionally removing Plaintiff
wilkerson while under investigation for Misconduct which actually resulted
of losing his license to practice law while Representing Plaintiff wilkerson

Why: Negligence

---

Who: Ryan Speitz

When: October 13, 2015

Where

How: Falsely reporting Plaintiff wilkerson's forfeiture because when he was

No longer Plaintiff wilkersons counsel of record. with the intent to foul-up Plaintiff wilkersons claim against the above defendants Violated Plaintiff wilkersons right to due process of law by failing illegally denying Plaintiff wilkerson a forfeiture hearing on his payoff as a matter of law.

why: Negligence.

---

Who: Steven L. Micas, chesterfield county Attorney

When: November 4, 2015

Where: 503 Administration Bldg, chesterfield, Va. 23832

How: by Knowing the defendants who were Violating Plaintiff wilkersons Civil rights And Also being notified defendant Micas did absolutely Nothing with the Known Knowledge

why: Negligence.

## IV   STATEMENT OF FACTS

Upon information and belief the suite fell squarely within the scope of Section 1983 because Plaintiff Wilkerson's complaint actually Alleged a conspiracy motivated by undue use of undue influence to deprive Plaintiff Wilkerson of a bevy of several constitutional rights by depriving Plaintiff Wilkerson of his property without due process of law by defendants Davenport, McKenna, Khawarta, Cooke, Humphries, Breen and Speltz of Chesterfield county using undue influence of defendant Taylor of the Commonwealth Attorney's office of Henrico county because Plaintiff Wilkerson Filed a complaint with the Virginia State Bar against defendant Taylor for her failure to protect Plaintiff Wilkerson's Appeal when she was Plaintiff Wilkerson's Attorney, and unbeknownst to Plaintiff Wilkerson, defendant Taylor was running for the High office of Commonwealth Attorney of Henrico county. Moreover, defendants devised a scheme to have Plaintiff Wilkerson deprived of his liberty and property in the Violation of the equal Protection clause, and Section one of the Fourteenth Amendment of the United States constitution by taken Plaintiff Wilkerson's property without affording Plaintiff Wilkerson a foreclosure hearing on his property as a matter of law on October 13, 2015 upon the motion of defendant Khawarta. Therefore, defendants conspired for the purpose of depriving Plaintiff Wilkerson directly, with the intention of depriving Plaintiff Wilkerson of due process of law, and equal protection of law, and on November 4th, defendant Mizox was informed of the other defendants knowingly

depriving Plaintiff Wilkerson of his property without affording him a forfeiture hearing as a matter of law through an Application for Private Administration process, and defendant Miller died. died and intentionally ignored Plaintiff wilkerson attempt to counter. And his failure to remedy a constitutional wrong after learning of Plaintiff Wilkerson's fundamental right to have a forfeiture hearing on his property as a matter of law. If two or more persons conspire for the purpose of impending, hindering, obstruction, or defeating any manner, the due course of Justice in any state or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for unlawfully or Attempting to enforce the right of any person, to the equal protection of laws, or due process of law. The party so injured or deprived may have an Action for the recovery of damages occasioned by Such injury or deprivation against any one or more of the conspirators pursuant to 28 U.S.C. 1985.

## V - EXHAUSTION OF LEGAL REMEDIES

Plaintiff Wilkerson filed Notice of claim on December 8, 2013, in the office of the Attorney General of Virginia by certified Mail with return receipt No. 7012 2920 0000 7288 0626 as required by Section 8.01-195.6, and Plaintiff Wilkerson used Private Administrative Process to enter and settle the matter November 4, 2015 to No Avail see Attached hereto certification to enter and Maintain for Administrative private process.

## VI - LEGAL CLAIM

Defendant's Knowingly and intentionally Violated Plaintiff Wilkerson's Fourteenth Amendment right under the United States Constitution by depriving plaintiff of his property for over four years without affording him a forfeiture hearing as a matter of law. The Fourteenth Amendment reads in Part:

"nor shall any state deprive any person of life, liberty or Property without due Process of law; nor deny to any person within its Jurisdiction the equal protection of law"

## VII - PRAYER FOR RELIEF

WHEREFORE, Plaintiff Wilkerson Pray that this court enter Judsment: Granting Plaintiff Wilkerson a declaration that the Acts and

omissions described herein Violated his rights under the constitutions and laws of the united states, and

A Preliminary and Permanent injunction ordering defendants Shannon Tortur, her husband Chris humphries, and Thomas Kline to cease their Vendetta against Plaintiff wilkerson, and

Grant Plaintiff wilkerson compensatory demeses in the amount of five Million dollars ($ 5,000,000.00 dollars) against Chesterfield County, and

Grant Plaintiff wilkerson compensatory demeses in the amount of five Million dollars ($ 5,000,000.00 dollars) against Chesterfield County Police department, and

Grant Plaintiff wilkerson compensatory demeses in the amount of five million dollars ($ 5,000,000.00 dollars) against the Chesterfield commonwealth attorney office, and

Grant Plaintiff wilkerson compensatory demeses in the amount of two hundred thousand dollars ($ 200,000.00 dollars) against each defendant, Jointly and severally, and

Plaintiff wilkerson seeks Punitive demeses in the amount of one hundred thousand dollars ($ 100,000.00 dollars),

against each defendant, jointly and severally

Plaintiff Wilkerson also seeks a Jury trial on all issues triable by a Jury.

Plaintiff Wilkerson seeks recovery of his suit in this suit, and any additional relief this court deems Just, proper, and equitable.

Dated November 13, 2015

Respectfully Submitted,
By Norman Kevin Wilkerson
Plaintiff herein

4150 Horn Mill Road
Baskerville, Virginia 23915

VERIFICATION

I have read the foregoing complaint and hereby verify that the matter alleged herein are true except as to matters alleged on information and belief, and as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true, and correct.

Executed at Baskerville correctional unit.

Norman Kevin Wilkerson

My Commission Expires 9-30-16

#7524935

exp/res 9-30-16

City/County of MECKLENBURG
Commonwealth of Virginia
The foregoing instrument was acknowledged before me
this 14 day of NOVEMBER, 2015
by NORMAN K WILKERSON

Notary Public
Reg. # 7524935   Com. Exp. 9-30-16

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
    Norfolk Division

Norman Kevin Wilkerson. No 1007354      Civil Action No. _____
  Plaintiff

VS.                                     EVIDENCE IN SUPPORT OF
                                        PLANTIFF'S COMPLAINT

COUNTY OF CHESTERFIELD. et al.
  Defendants
_____/

1. Exhibit # 1 is clear and convencins evidence that defendant Tatlur
committed an error against Plantiff's wilkerson's correct answer that gives
her motive to go after Plantiff to deprive Plantiff of his liberty and
property without due process of law.

2. Exhibit #2 is clear and convencins evidence that David Jackson, the
confidential informant gave Perjural testimony against Plantiff on behalf
of defendant Tatlur because when he was ask "does he have any pendins
Charges in Henrico County" where defendant Tatlur is the head commonwealth
Attorney defendant Jackson stated No. However.

3. Exhibit #3 is clear and convencins evidence that David Jackson committed
Perjury,because it's evidente that he has a possession of controlled substance,
and grand larcent felony of these pendins in Henrico county before defendant
Tatlur.

4. Exhibit #4 is clear and convencins evidence. From the record that the

Basis of the Seizure being the seizure of the asset forfeiture information in its Identalata case in chief Proves that the release of his Arrest in October 6, 2015 proves that would be obtained based upon evidence received from the invalid Information was in fact inadmissible and Plaintiff liberty must be restored as a matter of law, And Plaintiff being denied a forfeiture hearing, both deprived Plaintiff of due process of law, and see exhibit # 5 Attached hereto, and

EXHIBIT #6 is clear and convincing evidence that defendant Kanawaha was attempting to cover-up the fact that defendant Tatter had the motive to Use her undue influence to conspire against Plaintiff to deprive Plaintiff of his liberty and property. The doctrine of selective Incarceration: under the doctrine the due Process and equal Protection clauses of the fourteenth Amendment require each State to recognize certain fundamental liberties that are enumerated in the bill of rights because such liberties are deemed essential to the concept of freedom and equality. Together with the supremacy clause of Article VI, the fourteenth Amendment Prohibits any State from providing less Protection for a right conferred by the Sixth Amendment than is Provided under the Federal Constitution.

Dated November 13, 2015

Respectfully Submitted.,
By Norman Kevin Wilkerson
Plaintiff herein

430 Hotel Mill Road
Keller ville, Virginia 23915

City/County of NECKLENBURG
Commonwealth of Virginia
The foregoing instrument was acknowledged before me
this 14 day of NOVEMBER, 2015
by NORMAN K. WILKERSON
Notary Public
Reg. # 7524935 Com. Exp. 9-30-2016

MATTHEW CLINTON
NOTARY PUBLIC
REG #
7524935
COMMISSION
EXPIRES
9/30/2016
COMMONWEALTH OF VIRGINIA

# SHANNON L. TAYLOR, ESQUIRE
## P.O. BOX 90775
## HENRICO, VIRGINIA 23273-0775

MAR 19 2012

March 19, 2012

**BY HAND-DELIVERY**
James C. Bodie, Esquire
Intake Counsel
Virginia State Bar
707 East Main Street, Suite 1500
Richmond, Virginia 23219

*Evidence*

Re: Inquiry from Norman K. Wilkerson, VSB #12-444-091071

Dear Mr. Bodie,

I received the letter from the Virginia State Bar dated March 8th that included a complaint from Mr. Wilkerson dated February 22nd regarding my handling of his criminal case and appeal of the same matter, specifically stating that I "did not handle his matter with care" and "had no concern about his well-being". By way of this letter, I hope to outline the chronology of his case. Since I am no longer employed at Boone Beale Law Firm, to the extent that there is any written correspondence in support of my representations, the firm will have provided them to me and they will be included as enclosures.

Mr. Wilkerson retained the services of Boone Beale Law Firm several years ago, and was represented by Mr. Jason Anthony, who was employed by Boone Beale at that time. However, there came a time that Mr. Anthony was no longer able to represent Mr. Wilkerson and, with Mr. Wilkerson's consent, I became his attorney of record and represented him in a bench trial before now retired Judge Theodore Markow in the City of Richmond Circuit Court. Mr. Wilkerson was charged with numerous felonies regarding the possession of counterfeit products and one felony regarding the possession of oxycodone. Judge Markow found him guilty of all six charges, but later, he wrote a letter to counsel indicating that he may have been incorrect in his findings regarding some of the counterfeit charges and, thus, dismissed two of those felony charges. A sentencing hearing was subsequently held on the remaining matters and Mr. Wilkerson was given a suspended term of imprisonment on the remaining four charges.

At the sentencing hearing, Mr. Wilkerson was advised by the trial court about his right to appeal the trial court's findings/convictions, and I discussed with Mr. Wilkerson his option to retain Boone Beale to represent him on his appeal. He indicated that he was unable to retain the services of the firm and requested court-appointed counsel. The trial court appointed me to handle the appeal. Once I was appointed to handle the appeal, the petition for appeal was timely filed with the Court of Appeals; however, there was an error in properly filing the transcripts and, as a result, the appeal was "denied" versus "dismissed". This was an important distinction that I had to be educated on by the staff at the Virginia Supreme Court because in order to fix the

mistake, a habeas petition had to be filed by a different attorney separate and apart from Boone Beale. Charles C. Cosby, Esquire, accepted to handle the habeas matter *pro bono* (without any cost to Mr. Wilkerson) and the habeas petition was timely filed; the Office of the Attorney General agreed that Mr. Wilkerson should be given the opportunity to restart the appeal process and the Virginia Supreme Court granted the petition which allowed us to "refile" the petition for appeal.

There was a change in circumstance on November 8th when I won an election and was no longer going to be employed by Boone Beale. The firm filed the appropriate paperwork and David G. Boyce, Esquire, was substituted as counsel of record for the appeal.

As I stated above, to the extent that there is written correspondence in support of these representations, they are enclosed. However, in addition to these written documents, I am aware that Mr. Wilkerson called our office numerous times searching for answers regarding the appeal process and the timeliness of when things would happen. I recall that the only matter for which I could apologize for was the error I committed by not filing the transcripts in a timely manner and I told him I was pleased that we were able to remedy the mistake. However, I also told him that I had no control over other agencies as to when certain steps would be accomplished, *e.g.* the habeas being granted by the Virginia Supreme Court. Furthermore, I explained to him that there were no guarantees or promises that *all* of the convictions would be won on appeal; specifically I told him that I thought there was a very good legal argument regarding the counterfeit charges, but that the argument regarding the drug charge may be more difficult.

I regret that Mr. Wilkerson feels that our office was not concerned about his well-being because such is simply not true. His case was hard fought and I still believe strongly in the appeal success regarding the counterfeit charges.

I hope that the aforementioned information is helpful in resolving this matter. Please do not hesitate to contact me at 804/501-4218 if you should have any questions.

Very truly yours,

Shannon L. Taylor
VSB #38852

/slt
Enclosures

1     pending in Henrico, right?

2         A.    No, sir.

3         Q.    What do you have?

4         A.    I got a violation in Henrico.

5         Q.    You have a drug charge pending, don't you?

6         A.    No.

7         Q.    You have a grand larceny charge pending?

8         A.    No, I've been sentenced on that.

9         Q.    I'm sorry?

10        A.    I have already been sentenced on the two charges.

11        Q.    Okay.  All right.  At the time these charges -- at

12    the time you first decided you were going to try to set up

13    Mr. Wilkerson, you got charges, both?

14        A.    No.  No, I don't have any charges.

15        Q.    Okay.  You incurred them later?

16        A.    Yes.

17        Q.    Okay.  So even after you committed the crime that

18    led you to try to go after somebody else, namely Mr.

19    Wilkerson, after that happened, you still picked up more

20    charges?

21        A.    Yes.

22        Q.    You kept on committing crimes, right?

23        A.    Yes.

24        Q.    Now, you have got quite a checkered history,

25    Mr. Jackson.  I'm going to read you this history, you tell me

*DANIEL LeROY JACKSON*
*Confident informant*

EXHIBIT #3
APPENDIX-D

## Exculpatory Information for Confidential Informant
### CW v. Norman Wilkerson

Prior Convictions:
- 1983:
  - Statutory Burglary
- 1989:
  - Possession of Cocaine
- 2002:
  - Possession of Schedule I/II
  - Misdemeanor concealment
  - Misdemeanor probation revocation
- 2004:
  - Possession of Schedule I/II
  - Trespassing
  - Escape without force (misdemeanor)
- 2005:
  - Felony probation revocation
  - Forging public records
- 2007:
  - Petit Larceny
- 2008:
  - Felony probation revocation
- 2011:
  - Felony Petit 3rd
  - Petit larceny
- 2012:
  - Possession of Marijuana
  - Possession of controlled paraphernalia

Pending matters:
- Felony probation revocation pending in C'fld (no promises made)
- Henrico:
  - Possession of controlled substance
  - Grand larceny          *← PERJURY*

Consideration Given/Previous work as a CI for Chesterfield PD:
- Hasn't testified in any other cases.
- did several controlled buys with folks other than Wilkerson.
  - Has not received consideration for work either on those cases, or this one.

*EXHIBIT #4*

1   a motion in limine or a motion to suppress, and we are not

2   there.

3          MR. GREENE:  Judge, the Commonwealth has mentioned

4   in an opening statement and through -- has listed the basis

5   of the seizure being the service of this asset forfeiture

6   warrant in its case in chief, in opening statement through

7   its witness.  So I think I should be entitled to ask the

8   witness if these are the appropriate documents or what do

9   they reflect.  Now, the balance would be for argument as to

10  what the import would be.  I do think that it goes to the

11  weight or credibility of the Commonwealth's case.

12         THE COURT:  What are the documents?

13         MR. GREENE:  Judge, the documents are the original

14  information and the amended information.

15         THE COURT:  Let me see the documents.

16         MR. GREENE:  Yes, sir.  I apologize, one has a mark.

17  I apologize for my mark.

18         THE COURT:  What's the purpose of these?

19         MR. GREENE:  Judge, again, I think it goes -- I

20  think it's proper for the jury to consider as to the weight

21  and credibility of the Commonwealth's case.  I mean, they're

22  basing this off of the seizure of one drug.  Again, this

23  information all stems from this informant.  So, Judge, the

24  Commonwealth can certainly try to explain it, if they like.

25  But I think it is appropriate for the jury to consider why,

*EXHIBIT # 5*

1   if the information comes initially from an informant on which

2   they are basing much of their case, why this information was

3   incorrect and the first seizure warrant had to be later

4   amended.

5        So I think that is appropriate to consider as to

6   weight or gravamen of the Commonwealth's case.  They can

7   assess what value they think is appropriate.

8        MS. KHAWAJA:  And, Judge, those are documents that

9   relate to a completely separate civil process that is not

10  related to this case here today.  And I think that if it

11  needed to be challenged, it could either be done through that

12  process or it could have been done in a motion before trial.

13       MR. GREENE:  The Commonwealth has introduced the

14  fact of the seizure as a basis for this action in its opening

15  statement and through its witnesses.  So we are -- this to

16  going to the weight of the evidence.  It's part of the

17  Commonwealth's case in chief in the criminal case, which they

18  introduced here.  We didn't bring this up first, they did.

19       THE COURT:  Okay.

20       MS. KHAWAJA:  I would object.

21       THE COURT:  The objection is sustained.  I will have

22  those marked as Defendant's A and B and will not go to the

23  jury.

24       MR. GREENE:  Would the Court note --

25       THE COURT:  They will be made a part of the

Crane-Snead & Associates, Inc.

*EXHIBIT # 6*

121

1                    RECROSS-EXAMINATION

2   BY MR. GREENE:

3       Q.    **Sir, were you ever aware that my client was**

4   **represented by a Virginia attorney by the name --**

5

6            MS. KHAWAJA:  Judge, outside the scope of redirect

7   and it's not relevant.

8            THE COURT:  I'll let him state the question.

9            MR. GREENE:  Thank you, Judge.

10

11  BY MR. GREENE (Continuing)

12      Q.    **My question is, did you ever become aware prior to**

13  **this investigation that my client was represented by a local**

14  **attorney named Shannon Taylor?**

15

16           MS. KHAWAJA:  Judge, same objection.

17           THE COURT:  Sustained.

18           MR. GREENE:  Thank you, that's all.

19           MS. KHAWAJA:  Judge, the Commonwealth --

20           THE COURT:  May Detective Humphries be excused?

21           MS. KHAWAJA:  I would like to reserve him for

22  rebuttal.

23           THE COURT:  All right.  You are temporarily excused,

24  Detective.  Thank you for your testimony this afternoon.

25  Next witness?

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

Norman Kevin Wilkerson, No 1007354
Plaintiff

Case No. _____

V.

County of Chesterfield, et al.
Defendants.

## AFFIDAVIT TO SUPPORT WILKERSON'S ATTEMPT TO CONFER

I, Norman Kevin Wilkerson, the Plaintiff herein being First duly sworn declare and say:

I have been fighting this deprivation of My liberty and the deprivation of My Property without due process of law dilesently. Attached hueto are true and correct copies of My Certification to confer "Application to Promote Settlement", and a true and correct copy of My Application for Private administrative Process before federal enforcement. both in good Faith. without Prejudice

_____
Affiant

I hereby declare under penalty of perjury pursuant to §1746 that the above are true to the best of My Knowledge and, belief.

_____
Affiant

COMMONWEALTH OF VIRGINIA
In the office of the County Attorney
P.D. Box 40
Chesterfield. Virginia 23832

CERTIFICATION TO
CONFER

'Exparte'

IN RE: Violation of oath of office, fraud, use of under influence
Norman Kevin Wilkerson. # 1007354

File No. _____

## APPLICATION TO PROMOTE SETTLEMENT

I, Norman Kevin Wilkerson, the injured party, proceeding by himself,
and respectfully comes/comfer for Private administrative process to promote
to settle this matter. (see exhibit A attached hereto). The County Attorney's
office may compromise and settle dispute, and controversies involving all
interest of the county of Chesterfield including, but Not limited to law
suits. Mr. Wilkerson is willing to settle this matter within seven days after
the county receipt of this Application. If a settlement is Not met in seven
business days, Mr. Wilkerson May seek Criminal Prosecution for Commercial
Crimes 27 C.F.R. 72.11 which includes, but not limited to:

1. Harrasment;
2. Trespass;
3. False imprisonment;
4. Fraud, 18 U.S.C. 1018;
5. Civil Racketeering, 18.U.S.C. 1963,

1 of 3

6. Falsification of Public documents. 18 U.S.C. 1001.

7. Use of undue undue influence by counsel of the Grand Jury.

8. Deprivation of civil rights after Notice of the fact, and law 42 U.S.C. 1986 requiring Percedent established by Rocher Funs .V. Venture. Mandatory ten (10) years of Prison term and $10,000 dollar fine for deprivation of civil rights with Knowledge and intent

Mr. Wilkerson has the right to exercise private administrative Process for resolution before utilizing Federal enforcement.

Mr. Wilkerson has initiated this Process and tendered in good faith, implied in administrative or law, and has exception of same from all agents, employees officers, and the Private Sector.

Mr. Wilkerson's expectation that agents, employees officers, and the Private Sector will act fairly, and honestly, in good faith, without intent to cheat, hinder delay defraud, lie, coerce, use undue influence, or Violate their Oath of office.

Mr. Wilkerson does not assume the wants of Chesterfield is deceitfully attempting to assert a requirement where none exits.

For four years the agencies of the county of Chesterfield has deprived Mr. wilkerson of both his liberty without due process of law using undue influence, and deprived him of his property without just compensation, and due process of law.

WHEREFORE, Mr. wilkerson request all parties concerned will come in one accord to settle the matter before Federal in enforcement by November 13, 2015

Executed November 2. 2015

Respectfully Submitted,
In good faith
By Norman Kevin wilkerson

I ASK FOR THIS

Norman Wilk

Baskerville Correctional
4150 Hoyes mill Road
Baskerville, Virginia 23915

Subscribed and Sworn to before me a notary this __2__ day of November 2015

Debra L. Zkynn
Notary Public

My Commission expires Debra L. Zkynn
31 March 2016
Reg # 297319



3 of 3

COMMONWEALTH OF VIRGINIA
In the County Attorney office
P.O. Box 40
Chesterfield. Virginia 23832

"EX parte"

Norman Kevin Wilkerson .No. 1007354
Baskerville correctional Center
4180 Hayes Mill Road
Baskerville, Virginia 23915

Mr. Steven L. Micas
503 Administration Bldg
Chesterfield. Virginia 23832

**APPLICATION FOR PRIVATE
ADMINISTRATIVE PROCESS**

RE: Deprivation of property without Just compensation: violation of oath of office,.
. Administrative Convocation. fifth Amendment violation. and fourteenth Amend-
Ment violation of the U.S. constitution. Fraud. and criminal Acts by agents of
the county of Chesterfield Virginia

   I. Norman Kevin Wilkerson. the injured party, proceeding by himself,
and respectfully confer for Private administrative proced to settle this
Matter. (see exhibit A attached hereto). Via good faith and to satisfy
any obligation established or indicated by any presentment from
the county by agreement predicated and conditioned upon discovery
and evidence. In support of this application. Mr. wilkerson says as
follows:

   First. Mr. Wilkerson's Concerns are grounded in a Bery of
both State and Federal Violations.

   For almost four (4) years Parties against Mr. wilkerson have

APPLICATION                    1 of 4

derived him of his property without Just Compensation, and derived him of his property without due process of law.

Second. Mr. Wilkerson's rights existed long antecedent to the organization of the county. Hale v. Henkle 201 US. 43 at 74. (1905). and the above reference is the Sigvemen of this Matter. For example:

> The Commonwealth's, and Police department of the County of Chesterfield took Mr. wilkerson's property based upon invalid information. Kept his property for four (4) years without affording him a forefeiture hearing, and perpetrating a fraud by Uim's undue influence. Violations their oath of office. and committing criminal Acts knowingly. with intent to cover up corruption.

Third. Mr. Wilkerson has the right to exercise private administrative process for resolution before utilizing federal enforcement.

Fourth. Mr. Wilkerson has personal knowledge of the fact of the matter and are contained in affidavit form duly notarized

Fifth. Mr. Wilkerson has initiated this process and contact in good faith implied in administrative or law.

Sixth. Mr. Wilkerson has expectation of same from all agents. employees. officers of the county, this commonwealth, and the private sector.

AFFILIATION

2 of 4

Seven. Mr. Wilkerson's expectation that Agents, employees, officers of the County, this Commonwealth, and the Private sector will Act fairly, and honestly, in good faith, and without intent to cheat, hinder, delay, defraud, lie, coerce, use undue influence, or violate their Oath of office.

The County to this Private administrative Process where the Purview of this Matter is being reviewed is to:

1. Substantiate the Validity and the accuracy of their Presentment.

2. Produce Constitutional authority of opposing Parties to act against Mr. Wilkerson

3. operate in good faith, and conduct matter under the Priciples of the American Jurisprudence and law.

4. Act in a manner not to Coerce Mr. Wilkerson under Color of law.

5. Insure that, in this instant matter, opposing Parties or the County Agrees not to commit Fraudulent Concealment, denial of substantiate Substantive due Process, denial of due Process of law, or Where opposing Party/County is a Private man/woman, within the Context above, Validate the claim, Acts, or Otherwise as to show Actions, statements were proper, lawful and Correct and that the

APPLICATION

3 of 4

opposing parties to this matter actions were not injurious in any capacity.

Eight. Mr. Wilkerson does not assume the county of Chesterfield is deceitfully attempting to collect a requirement where none exists.

Ninth. that seven days after your receipt of this certification Mr. Wilkerson does not receive a response to this settle this Matter on one accord Mr. Wilkerson will on the 16th day of November 2015 initiate Federal enforcement to resolve this matter.

WHEREFORE. Mr. Wilkerson humbly pray that all parties concern will come in good faith. Without Prejudice. and on one accord to resolve this Matter by November 13, 2015 Without Judicial involvement

Dated 11/2/15/



Respectfully Submitted.
In Good Faith
by Norman Kevin Wilkerson
I ASK FOR THIS
Norman Wilkerson

Subscribed and Sworn to before me a notary this 9 day of November 2015

Notary Public _Matthew C_

My Commission expires 9-30-2016

APPLICATION

4 of 4

City/County of MECKLENBURG
Commonwealth of Virginia
The foregoing instrument was acknowledged before me
this 9 day of NOVEMBER , 2015
by NORMAN K WILKERSON
_Matthew C_ Notary Public
Reg. # 7524935 Com. Exp. 9-30-2016

COMMONWEALTH OF VIRGINIA

IN THE STATE POLICE DEPARTMENT

P.O.BOX 27472

RICHMOND VIRGINIA23261

From:Norman Kevin Wilkerson,#1007354

To whom this may concern,

In 2013 I was wrongfully convicted based upon perjury by
Law enforcement and a confidential informant with crime of tu-
pertude.I have been deligently trying to resolve this mistake
in good faith.However all my attempt to confer this mistate have
gone unnotice,which has left me no clear remedy except seek
criminal charges against those whom hav violated their oath
of office while acting under the color of state  law .I.Therefore
request humbly that you present the inclosed criminal complaint
to the correct authority for legal action be taken in accordace
to law.

Thank you very kindly for your patient and assistance in this
mattere ,If you have any questions contact me in writing at,
Baskerville correctional unit,4150 Hayes Mill  Road,
Baskervile,Virginia 23915,My best regards,I remain,

11/15/15                                    Sincerely

C.C Atty Gen.                          Norman Kevin Wilkerson

                                       Victim

# CRIMINAL COMPLAINT

Print ALL information clearly:

☐ General District Court

☐ Juvenile and Domestic Relations District Court

of ........... Chesterfield, Virginia .............

Under penalty of perjury, I, the undersigned Complainant swear or affirm that I have reason to believe that the Accused committed a criminal offense, on or about

.......... September 2013 .......... in the ☐ City ☒ County ☐ Town
OFFENSE DATE

I have my belief on the following facts:

..........That the accused testified under oath and made a falsehood..........

..........under the color of state law in violation of section 8.01-4.3..........

..........of the virginia code by testifying that his informants..........

..........information was true and reliable when in fact the accused..........

..........knew perfectly well the informant's testimony was also..........

..........in violation of section 8.01-4.3..........

The statements above are true and accurate to the best of my knowledge and belief.

In making this complaint, I have read and fully understand the following:
• By swearing to these facts, I agree to appear in court and testify if a warrant or summons is issued.
• The charge in this warrant cannot be dismissed except by the court, even at my request.

*[signature]*

SIGNATURE OF COMPLAINANT

..........Wilkerson, norman kevin..........
NAMF OF COMPLAINANT (LAST, FIRST, MIDDLE)
(PRINT CLEARLY)

Subscribed and sworn to before me this day.

.................................................
DATE AND TIME

☐ CLERK  ☐ MAGISTRATE  ☐ JUDGE

FORM DC-311 11/06 PC  (114-6010 2997)

---

CASE NO. _____

## CRIMINAL COMPLAINT

ACCUSED: Name, Description, Address/Location

Chris ..humphries.................
LAST NAME, FIRST NAME, MIDDLE NAME

P.O. Box 48....................

Chesterfield, Va. 23832.......

| | COMPLETE DATA BELOW IF KNOWN | | | | | | |
|---|---|---|---|---|---|---|---|
| RACE | SEX | MO. | BORN DAY | YR. | HT. FT. | IN. | WGT. | EYES | HAIR |
| W | M | | | | | | |
| | SSN | | | | | | |

## LAW ENFORCEMENT OFFICER USE ONLY

Charges requested:

Code Section ☐ State ☐ Local

Charge:

Code Section ☐ State ☐ Local

Charge:

Name of Victim:

Name of Officer:

BADGE/CODE #:

DEPARTMENT:

# CRIMINAL COMPLAINT

Print ALL information clearly:

RULES 3A:3 AND 7C:3

☐ General District Court

☐ Juvenile and Domestic Relations District Court

Under penalty of perjury, I, the undersigned Complainant swear or affirm that I have reason to believe that the Accused committed a criminal offense, on or about

of .......June 6th 2011........in the ☐ City ☒ County ☐ Town
          OFFENSE DATE

......Chesterfield,Virginia...............

I have my belief on the following facts:

That the accused conspired with agents of the commonwealth

attorney's office and the police department of chesterfield cou-

nty to bring false charges again mr.wilkerson to deprive him

of his liberty and property without due process of law for al-

most four years because mr.wilkerson filed a complaint against

the accused for her failure to perfect his appeal in 2009.

The statements above are true and accurate to the best of my knowledge and belief.

In making this complaint, I have read and fully understand the following:
• By swearing to these facts, I agree to appear in court and testify if a warrant or summons is issued.
• The charge in this warrant cannot be dismissed except by the court, even at my request.

_Norma Wilk_
SIGNATURE OF COMPLAINANT

......Norman Kevin Wilkerson............
NAME OF COMPLAINANT (LAST, FIRST, MIDDLE)
(PRINT CLEARLY)

Subscribed and sworn to before me this day.

.............................
DATE AND TIME

☐ CLERK  ☐ MAGISTRATE  ☐ JUDGE

FORM DC-311 (10/96 PC)    (11-46-010 2/97)

---

CASE NO. _____

# CRIMINAL COMPLAINT

ACCUSED: Name, Description, Address/Location

Taylor,Shannon.........................
LAST NAME, FIRST NAME, MIDDLE NAME

P.O.Box90775.........................

Henrico,Va.23273.....................

|  |  | COMPLETE DATA BELOW IF KNOWN |  |  |  |  |  |
|---|---|---|---|---|---|---|---|
| RACE | SEX | BORN MO. DAY YR. | HT. FT. IN | WGT. | EYES | HAIR |
| W | f m | | | | | |
| SSN | | | | | | |

## LAW ENFORCEMENT OFFICER USE ONLY

Charges requested:

Code Section ☐ State ☐ Local

Charge:

Code Section ☐ State ☐ Local

Charge:

Name of Victim:

Name of Officer:

BADGE/CODE #:

DEPARTMENT:

# CRIMINAL COMPLAINT

Print ALL information clearly:

RULES 3A:3 AND 7C:3

☐ General District Court

☐ Juvenile and Domestic Relations District Court

of ......... of chesterfield,Virginia.........  in the  ☐ City  ☒ County  ☐ Town

Under penalty of perjury, I, the undersigned Complainant swear or affirm that I have reason to believe that the Accused committed a criminal offense, on or about ......Oct.,29th,2014......
OFFENSE DATE

I have my belief on the following facts:

That on october 29th the accused failed to provide norman

Kevin wilkerson a forefeiture hearing as required by law

that on march 7th 2011 the accused took mr wilkerson's property

based upon invalid information knowingly with the intent to

perpertrate a fruad upon the grand jury by the use of undue

influence,violation article one section eight of the va.const.,

The statements above are true and accurate to the best of my knowledge and belief.

In making this complaint, I have read and fully understand the following:
• By swearing to these facts, I agree to appear in court and testify if a warrant or summons is issued.
• The charge in this warrant cannot be dismissed except by the court, even at my request.

_____
SIGNATURE OF COMPLAINANT

Wilkerson,norman kevin
NAME OF COMPLAINANT (LAST, FIRST, MIDDLE)
(PRINT CLEARLY)

Subscribed and sworn to before me this day.

.................................
DATE AND TIME

☐ CLERK  ☐ MAGISTRATE  ☐ JUDGE

FORM DC-311 11/06 PC  (114-64010 2/97)

---

CASE NO. _____

# CRIMINAL COMPLAINT

ACCUSED: Name, Description, Address/Location

Davenport,William.
LAST NAME, FIRST NAME, MIDDLE NAME

P.O.Box.48.

Chesterfield,Va.,

23832

COMPLETE DATA BELOW IF KNOWN

| RACE | SEX | BORN MO DAY YR | HT. FT IN | WGT. LB | EYES | HAIR |
|------|-----|----------------|-----------|---------|------|------|
| W | M | | | | | |

SSN

## LAW ENFORCEMENT OFFICER USE ONLY

Charges requested:

Code Section [ ] State  [ ] Local

Charge:

Code Section [ ] State  [ ] Local

Charge:

Name of Victim:

Name of Officer:

BADGE/CODE #:

DEPARTMENT: